IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES BANKS,

           Petitioner,

    v.                              CASE NO. 09-3086-RDR

UNITED STATES OF AMERICA, et al.,

           Respondents.

## O R D E R

This matter is before the court on a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed while petitioner was incarcerated in the United States Disciplinary Barracks in Leavenworth, Kansas. Having examined the materials filed in this case, the court enters the following order.

### BACKGROUND

Petitioner was convicted in 2003 by general court-martial on charges of committing carnal knowledge with his daughter under the age of twelve, indecent acts and taking indecent liberties with his daughter under the age of sixteen, and possession of child pornography.

In December 2008, the Air Force Clemency and Parole Board (AFCPB) approved petitioner for parole. If petitioner declined parole, petitioner was to be placed on mandatory supervised release (MSR) upon petitioner reaching his minimum release date, with MSR to continue through petitioner's maximum release date.

Petitioner declined parole, and prior to his release from confinement in July 2009, he filed the instant petition, alleging constitutional error in his MSR placement.

## DISCUSSION

Petitioner advances several grounds for challenging the decision placing him on MSR, claiming this placement: (1) is illegal because the AFCPB was not statutorily authorized to impose involuntary conditions of release; (2) illegally modifies his sentence by increasing his punishment in violation of the Uniform Code of Military Justice and the Double Jeopardy Clause; (3) impairs his protected interest in good conduct time and abatement days without due process; (4) violates the Fifth Amendment by imposing conditions of release not announced as part of his sentence and because AFCPB procedures violate due process standards; and (5) increases the severity of petitioner's sentence by forcing petitioner to fulfill conditions of mandatory supervision.

Petitioner's claims are substantially similar to claims considered and rejected by this court in Huschak v. Gray, __ F.Supp.2d __, 2009 WL 2413981 (D.Kan., August 6, 2009).[1] In that matter, the court rejected a military prisoner's challenge to his placement on MSR by the Air Force Clemency and Parole Board and discussed in detail the claims now advanced by petitioner. Having

---

[1] A copy of that decision is attached.

examined the record in the present case, the court concludes its rulings in Huschak apply with equal force to the present action. Accordingly, petitioner's request for habeas corpus relief is denied.

Petitioner also filed a motion for a preliminary injunction and temporary restraining order preventing his placement on MSR.

Such provisional injunctive relief may be granted if the moving party establishes: (1) a substantial likelihood of success on the merits; (2) irreparable harm will be suffered if the injunction is denied; (3) the threatened harm outweighs any injury to the opposing party; and (4) the injunction sought is not adverse to the public interest. Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Because this court has determined that petitioner cannot prevail on the merits, his motion is denied.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED that petitioner's motion for a preliminary injunction and temporary restraining order (Doc. 4) is denied.

**IT IS SO ORDERED.**

DATED: This 28th day of October 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge