IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES BANKS,**

                 **Petitioner,**

     **v.**                                                       **CASE NO. 09-3086-RDR**

**UNITED STATES OF AMERICA, et al.,**

                 **Respondents.**

**O R D E R**

In a court martial proceeding, petitioner James Banks was found guilty of various sex crimes involving his daughter. Proceeding pro se, petitioner field the instant action seeking a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on claims regarding his release on parole from the United States Disciplinary Barracks on his minimum release date pursuant to a mandatory supervised release program (MSR). The court denied the petition on October 28, 2009. Petitioner appealed.

The Tenth Circuit Court of Appeals vacated the 2009 judgment and remanded the case for this court's further consideration of one of the three claims Banks had pursued in his appeal. *Banks v. U.S.*, 431 Fed.Appx. 755, 757 (10th Cir.2011).

The Circuit Court identified the following three claims asserted in petitioner's appeal: first, "his placement on MSR

violated the Due Process and Double Jeopardy Clauses of the Constitution, by imposing a new sentence on him that wasn't announced as part of his original court martial proceeding;" second, "his placement on MSR deprived him of good-conduct time and earned abatement days without due process;" and third, "his parole conditions were imposed in violation of his procedural due process rights." *Id.* at 757.

Finding it unclear whether the third claim alleging the denial of procedural due process was even cognizable in habeas corpus, and if so whether Banks had exhausted all available military remedies on this third claim, the Circuit Court concluded remand was appropriate, stating:

> On remand, the district court should consider whether a habeas petition or a *Bivens* action is the proper vehicle for Mr. Banks to bring his third (procedural due process) claim. If it finds that this claim may proceed only under Bivens rather than in habeas, the court should dismiss the claim without prejudice (rather than with prejudice as it did previously). If, however, the district court finds that this claim is properly brought in habeas, it should consider the question of exhaustion. If the district court finds that claim unexhausted, it should follow the ordinary practice of dismissing the petition in its entirety without prejudice. If the court finds that Mr. Banks has exhausted all his military remedies, it may still decline to consider any claim to which procedural default doctrine applies. And if the district court ultimately finds it appropriate

> to reach the merits, it should develop a record with respect to the questions outlined above to enable this court's review.

*Id.* at 758 (citations omitted).

This court ordered the parties to supplement the record to address this third claim. Having reviewed the respondents' supplemented answer and petitioner's supplemented traverse, the court dismisses the petition.

Petitioner was convicted by general court-martial in August 2003 The sentence imposed included ten years of confinement and a dishonorable discharge. Petitioner withdrew his direct appeal from that conviction and sentence. In September 2008, prior to his annual review by the Air Force Clemency & Parole Board (AFC&PB), petitioner requested his release on traditional parole and was advised regarding the possible imposition of MSR. In December 2008 the AFC&PB approved traditional parole, but petitioner declined. At that time he was told he would be subject to the MSR parole program upon reaching his minimum release date in July 2009.

*Mandatory Supervised Release (MSR)*

MSR, created in 2001, is a valid Department of Defense system of parole. *See Huschak v. Gray*, 642 F.Supp.2d 1268 (D.Kan.2009) *and* 10 U.S.C. § 952(a)("The Secretary concerned may provide a system of parole for offenders who are confined in military correctional

facilities and how were at the time of commission of their offenses subject to the authority of that Secretary."). The MSR parole program is an involuntary form of parole set up as the default early release mechanism for inmates not granted traditional parole. Department of Defense Instruction (DoDI) 1325.7 at 6.20.1.[1] The Air Force MSR program is administered by the AFC&PB which is vested with the "highly discretionary" authority to decide whether to grant parole, and to decide which type of parole is appropriate. *See* DoDI 1325.7 at 6.16; Air Force instruction (AFI) 31-205 at Chapter 10.

Prisoners in MSR are "required to serve the balance of [their] sentence[s] outside of confinement on the condition that [they] abide by certain rules." *Huschak*, 642 F.Supp.2d at 1276. A military prisoner's "release from the confinement facility constitutes acceptance of the terms and conditions of supervised release." DoDI 1325.7 at 6.20.8 and 6.20.4.

*Petitioner's Third Claim is Cognizable in Habeas Corpus*

Habeas corpus relief may be granted under § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). "The essence of habeas corpus is an attack by a person

---

[1] DoDI 1325.7 at 6.20.1. states:
"The supervised release of prisoners who are not granted parole prior to the minimum release date is a highly effective technique to provide an orderly transition to civilian life for released prisoners and to better protect the communities into which such prisoners are release. Accordingly, it shall be the policy of the Department of Defense to use supervised release in all cases except where it is determined by the serve Clemency and Parole Boards to be inappropriate."

4

in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v.* Rodriguez, 411 U.S. 475, 484 (1973). Constitutional claims challenging the conditions a prisoner's confinement fall outside the "core" of habeas corpus. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

When the constitutional claims involve the execution of a prisoner's federal sentence, habeas relief under § 2241 is appropriate. *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir.2005); *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997). This includes challenges to good-time credit and parole procedures. *United States v. Furman,* 112 F.3d 435, 438-39 (10th Cir. 1997). *See also Jiminian v. Nash*, 245 F.3d 144, 146 (2nd Cir.2001)(§ 2241 includes such matters as the administration of parole).

The Tenth Circuit noted in its remand of the instant case that it had not yet specifically addressed and decided whether a challenge to release on parole with conditions "is more like a challenge to the fact or duration of one's confinement (and so cognizable in habeas) or more like a challenge to one's conditions of confinement (and so cognizable only in a *Bivens* action." *Banks*, 431 Fed.Appx. 755, 757 (10th Cir.2011). Other courts, however, have determined that such challenges may be raised in a § 2241 petition.

The Tenth Circuit discussed without specifically adopting the

5

distinction drawn by the Third Circuit regarding a significant change in the prisoner's service of his sentence, such as release on community corrections. *See Palma-Salazar v. Davis,* 677 F,3d 1031, 1036-37 (10th Cir. 2012)(discussing *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3rd Cir.2005). In that case, however, the Tenth Circuit stated that its precedents "indicate the types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting." *Palma-Salazar*, 677 F.3d at 1037 n.2.

The Seventh Circuit has held that habeas corpus rather than a civil rights action is the appropriate remedy for a prisoner seeking release from restrictions imposed by parole, reasoning the conditions imposed on parole constitute and "define the perimeters" of the parolee's confinement. See *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir.2003)(citing, quoting, and following *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir.1977)).

And district courts have reviewed and decided a military prisoner's § 2241 habeas petition challenging the constitutionality of the prisoner's placement of MSR and the administration of MSR conditions. *See Gonzales v. Commandant, United States Disciplinary Barracks*, __ F.Supp.2d __ , 2013 WL 1385889 (E.D.Ky.2013); *Miller v. Air Force Clemency and Parole Board*, 2011 WL 4402497, *6

(D.Md.2011)(unpublished).

Accordingly, because petitioner challenges the legality of his release on MSR and the conditions imposed on that release, and because petitioner's release on MSR at his minimum release date is a quantum change from his continued confinement for the duration of his sentence, the court finds habeas corpus is the appropriate remedy on petitioner's third claim.

*Petitioner Failed to Exhaust Available Military Remedies*

When a prisoner appeals his court-martial conviction and sentence, a military appellate court has jurisdiction "to assess the nature and general application of the MSR program to satisfy itself that the severity of an adjudged and approved sentence was not unlawfully increased by prison officials, and that the sentence was executed in a manner consistent with … [the] UCMJ … and the Constitution." *United States v. Pena*, 61 M.J. 776, 778 (A.F.Ct.Crim.App.2005)(quotation marks and citation omitted), *aff'd*, 64 M.J. 259 (CAAF), *cert. denied* 550 U.S. 937 (2007). There is no jurisdiction in that direct appeal, however, to review the actual administration of MSR in the accused's case, as the military appellate courts possess no general supervisory authority with respect to military justice or authority over actions administering sentences of military prisoners. *Id.* at 783.

The Service Clemency and Parole Boards, however, can hear a

7

prisoner's request for reconsideration of the MSR decision or the MSR conditions imposed.  *Miller v. Air Force Clemency and Parole Board*, 2011 WL 4402497, *6 (D.Md.2011)(unpublished).  Petitioner failed to do so in this case, believing it would be futile to try.  This is insufficient to satisfy the requirement that petitioner fully exhaust available remedies before seeking federal habeas corpus review.

Pursuant to the circuit court's direction on remand, the court dismisses the entire petition without prejudice.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 25th day of November 2013, at Topeka, Kansas.


                                      s/ Richard D. Rogers
                                      RICHARD D. ROGERS
                                      United States District Judge